NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN PATRICK NEVINS,<br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Civil Action No.: 16-5765 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Sean Patrick Nevins' appeal for judicial review of a final decision issued on behalf of the Commissioner of the Social Security Administration ("Commissioner"), which denied his claim for disability insurance benefits. (ECF No. 1). *See also* 42 U.S.C. § 405(g); L. Civ. R. 9.1.

After carefully considering the administrative record, as well as the submissions made in support of and in opposition to the instant appeal, the Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. (ECF No. 6; ECF No. 11; ECF No. 14). For the reasons set forth below, the Court remands this matter for further proceedings that are consistent with this Opinion.

1

# I. BACKGROUND[1]

Plaintiff Sean Patrick Nevins appeared before the Social Security Administration in March 2012 to ascertain whether Plaintiff, as an adult, was entitled to disability benefits. He had previously received "Child's SSI" starting eleven days after his birth on July 30, 1993 after he was found to suffer Spina Bifida, Arnold Chiari Malformation, and other related disorders. (*See* R. at 66-67). Plaintiff's benefits were renewed when he was ten years old on the same grounds. (Id.). In 2012, he was deemed no longer disabled and thus ineligible to receive benefits as an adult because he could perform the full range of sedentary work. (*See* R. at 78). Upon the plaintiff's request, a hearing was held on October 16, 2014 to review his application de novo. (Id. at 81).

At the time of Plaintiff's hearing, he was 21 years old and was enrolled in his second year at community college where he was pursuing his Associate's Degree. (Id. at 40, 42). Plaintiff appeared before the administrative law judge ("ALJ"), Luis M. Catanese, without representation. ALJ began the hearing by introducing himself and the reporter. (R. at 36). He then addressed the claimant's lack of representation:

> ALJ: Now, Mr. Nevins, I see you are here by yourself. You don't have like an attorney or any legal representative to assist you?
> CLMT: No.
> ALJ: I have the duty to inform you that you have the right to have such an individual to help represent you during your hearing. You don't have to have one, but if you desire, usually these people are very well versed in our rules and regulations, and they know how to present evidence and make arguments on your behalf. Usually the way it works, is they, generally, don't take an up-front fee. They usually get a contingent fee. In your case, it's a little different, because you are already entitled to benefits.
> CLMT: Right.
> ALJ: Generally, they will do that in cases where someone is just applying for the first time for benefits. So, you know, it's really your choice how you wish to proceed. If you feel comfortable going forward by yourself. I'd be happy to hold your hearing this afternoon. If you have any desire to see if you can find an attorney or legal representative to help you, what I would do is postpone this afternoon's hearings, but only for the purpose of allowing you to try and get an attorney or a representative.
> CLMT: *Okay. I guess I will just continue with our hearing.*

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 6.

> ALJ: You feel comfortable going forward?
> CLMT: Yeah.
> ALJ: Okay. So, I will find that you waive your right to have a representative during your hearing.

(*Id.* at 36-37)(emphasis added). There was no further mention of an attorney during the hearing.

ALJ determined that Plaintiff was no longer eligible for benefits in a decision issued on January 1, 2015 (R. at 18). He concluded that the claimant has four severe impairments: Spina Bifida, Arnold Chiari malformation, asthma, and morbid obesity (Id. at 20) (citing 20 C.F.R. § 416.920(c)) but did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20) (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926)). Thus, ALJ concluded Plaintiff had a "residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can only occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds." (R. at 23). The residual functional capacity ("RFC") also accounted for Plaintiff's limited ability to "balance, stoop, kneel, crouch, and crawl" and his need to avoid "exposure to pulmonary irritants." (Id.).

Plaintiff, without the aid of an attorney, requested an appeal of the decision. On July 28, 2016 the Appeals Council held that were no grounds for review. (R. at 1). Plaintiff is currently represented by counsel.

## II. LEGAL STANDARD

Although a claimant for disability insurance benefits from the Social Security Administration does not have a constitutional right to representation at the administrative hearing, the claimant does have a statutory right to representation. *See Vivaritas v. Comm'r of Soc. Sec.*, 264 F. App'x 155, 157 (3d Cir. 2008); 42 U.S.C. § 406; 20 C.F.R. § 404.1705. Thus, an ALJ must give the claimant notice of his right to counsel and the claimant can only waive this right

3

through a knowing and intelligent waiver. *See Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982). "The information necessary to ensure an intelligent and knowing waiver of counsel includes an explanation of the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and *the limitations on attorney's fees to 25 percent of any eventual awards.*" *Vance v. Heckler*, 579 F. Supp 318, 321 (N.D. Ill. 1984)(emphasis added); *see also Yakley v. Astrue*, 2013 WL 1010671, *4 (D.N.J. Mar. 13, 2013)(applying the above referenced Seventh Circuit criteria and remanding the matter due to the absence of a knowing and intelligent waiver of the right to counsel).

The lack of representation alone is not grounds for remand. *See Phifer v. Comm'r of Soc. Sec.*, 84 F. App'x 189, 190-91 (3d Cir. 2003); *Yakley*, 2013 WL 1010671 at *5. However, the Court can remand a decision if "the lack of counsel prejudices a claimant or where the lack of counsel leads to an administrative proceeding marked by unfairness." *Phifer*, 84 F. App'x 190-91; *see also Mack*, Civ. No. 15-8527 at 7-8 (D.N.J. Jan. 12, 2017)(Linares, J.)(citing *Vivaritas*, 264 F. App'x at 158 (3d Cir. 2008)). This exception is permissible because "[w]hile a claimant represented by counsel is presumed to have made her best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Vivaritas*, 264 F. App'x at 158 (quoting *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). Thus, the burden of proof falls on the Commissioner to show that he "adequately developed the record." *Yakley*, 2013 WL 1010671 at *5 (quoting *Binion v. Shahala*, 13 F.3d 243, 245 (7th Cir. 1994)).

### III. ANALYSIS

The Court finds that ALJ's colloquy was not sufficient to elicit a valid waiver of the right to representation from Plaintiff. While ALJ informed Plaintiff of his right to counsel and briefly explained the role an attorney might play, he did not discuss the 25% cap on attorney's fees nor

4

did he discuss the possibility of free counsel. Additionally, after informing Plaintiff that attorneys "usually" do not receive an up-front fee and "usually get a contingent fee," he added, "[i]n your case, it's a little different, because you are already entitled to benefits." (R. at 37). The Plaintiff asserts, and the court agrees, that the aforementioned statement may have confused the claimant about his rights. To a lay person, it may seem as though ALJ was distinguishing Plaintiff's right to counsel from first-time applicants or that Plaintiff may be required to pay an upfront fee.

Commissioner argues that the May 29, 2014 Notice of Reconsideration, June 18, 2014 hearing notice, and information sheet entitled "Your Right to Representation" suggest that Plaintiff was properly appraised of his right to counsel. (*See* ECF No. 14 at 7; R. at 97, 100-13). Commissioner relies on *Phifer v. Comm'r of Soc. Sec.* where the Third Circuit Court held that written notice alone shows that the Plaintiff was given adequate notice of his right to counsel. *Phifer v. Comm'r of Soc. Sec.*, 84 F. App'x 189, 190 (3d Cir. 2003); *see also Boyd v. Barnhart*, 98 F. App'x 146, 147 (3d Cir. 2004)(holding written notices in addition to ALJ's colloquy sufficient for waiver). But in *Phifer* the ALJ explicitly referred to the Notice of Representation at the hearing before offering to postpone the hearing until the plaintiff obtained representation. In *Mack v. Comm'r of Soc. Sec.* this Court found written notice insufficient because "the ALJ failed to at least ask [claimant] if she had indeed received the written notices from Social Security Administration concerning the benefits of having an attorney represent her at the administrative hearing, and if so, whether she understood their contents." *See Mack v. Comm'r of Soc. Sec.*, Civ. No. 15-8527 at 7. As in *Mack*, ALJ did not verify that Plaintiff had ever received written notice, let alone that he understood same.

Additionally, ALJ's colloquy was insufficient since he failed to mention the cap on the amount an attorney can receive and the possibility of free counsel. Moreover, ALJ's assertion that

the Plaintiff's case was "different" may have confused the Plaintiff and possibly led him to believe his right to counsel was different from other litigants or that the benefits he was currently receiving until the completion of the hearing were not at stake. This Court must show deference to a *pro se* litigant who did not knowingly and intelligently waive his right to representation. *See Schweiker*, 677 F.2d at 828.

Furthermore, the Court finds that Plaintiff suffered prejudice and/or unfairness at the administrative hearing due to his lack of counsel. Plaintiff contends such prejudice is shown through ALJ's failure to explain the role of the vocational expert and failure to follow up on the Plaintiff's obesity. Notably, ALJ's decision does not take into account obesity at Step 3 either alone or in conjunction with Plaintiff's other severe impairments because it was not listed in the appendix. (R. at 22). An attorney might have emphasized the effect of obesity on pre-existing impairments and noted that Social Security Ruling 02-1p requires ALJ to weigh obesity on a case-by-case basis at steps three, four, and five. *See Garcia-Estrada v. Comm'r of Soc. Sec.*, No. 16-2037, 2017 WL 498714, *3 (remanding an ALJ's decision for failure to consider the effect of claimant's obesity on her other impairments).

Plaintiff further asserts that an attorney might have "qualified the VE, objected to the ALJ hypotheticals, cross examined the VE's direct testimony and posed hypothetical questions more reflective of the evidence and more favorable to plaintiff's cause." (*See* ECF No. 11 at 6). The Court agrees that an attorney would have known the weight of the vocational expert's testimony and thus attempted to qualify or cross-examine the expert. Accordingly, Plaintiff's lack of representation resulted in prejudice at the administrative hearing.

The Court presumes that Plaintiff will retain representation on remand. However, should Plaintiff choose to proceed without representation, the "ALJ should explain [his] right to have counsel and counsel's availability in full detail." *Vivaritas*, 264 F. App'x at 161.

## CONCLUSION

For the aforementioned reasons the Court concludes that ALJ failed to obtain a valid waiver of Plaintiff's right to representation at the administrative hearing. Additionally, Plaintiff suffered prejudice in the administrative hearing due to the lack of representation. Since the matter was decided on the absence of a meaningful waiver of the right to representation, the court declines to comment on the parties' other arguments. Therefore, the Court remands this matter for additional proceedings consistent with the instructions contained herein. An appropriate Order accompanies this Opinion.

DATED: June 5ᵗʰ, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE