NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEAN PATRICK NEVINS, | |
| Plaintiff, | Civ. Action No.: 16-5765 (JLL) |
| v. | **OPINION** |
| COMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff's Motion for Attorney's Fees and Costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (ECF No. 17-1). Defendant has opposed this Motion. (ECF No. 20). The Court has considered the submissions made in support of and in opposition to the Motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Plaintiff's Motion is denied.

**I.    BACKGROUND**[1]

Plaintiff Sean Patrick Nevins had previously received Child's SSI and was up for re-evaluation as an adult for disability insurance benefits from the Social Security Administration in March 2012. He first received Child's SSI eleven days after his birth on July 30, 1993, after he was found to suffer Spina Bifida, Arnold Chiari Malformation, and other related disorders. (*See* R. 6:3 at 67). His benefits were renewed when he was ten on the same grounds. (Id.). In 2012, he was deemed no longer disabled and thus ineligible to receive benefits as an adult because he

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 6.

1

could perform the full range of sedentary work. (*See* R. 6:4 at 78). At Plaintiff's request, a hearing was held on October 16, 2014 to review his application *de novo*. (Id. at 81).

Nevins was 21 years old at the time of the hearing and was enrolled in his second year at community college where he was pursuing his Associate's Degree. (Id. at 40, 42). He appeared before the administrative law judge ("ALJ"), Luis M. Catanese, without representation. ALJ began the hearing by introducing himself and the reporter. (R. at 36). He then addressed Plainitff's lack of representation:

> ALJ: Now, Mr. Nevins, I see you are here by yourself. You don't have like an attorney or any legal representative to assist you?
> CLMT: No.
> ALJ: I have the duty to inform you that you have the right to have such an individual to help represent you during your hearing. You don't have to have one, but if you desire, usually these people are very well versed in our rules and regulations, and they know how to present evidence and make arguments on your behalf. Usually the way it works, is they, generally, don't take an up-front fee. They usually get a contingent fee. In your case, it's a little different, because you are already entitled to benefits.
> CLMT: Right.
> ALJ: Generally, they will do that in cases where someone is just applying for the first time for benefits. So, you know, it's really your choice how you wish to proceed. If you feel comfortable going forward by yourself. I'd be happy to hold your hearing this afternoon. If you have any desire to see if you can find an attorney or legal representative to help you, what I would do is postpone this afternoon's hearings, but only for the purpose of allowing you to try and get an attorney or a representative.
> CLMT: Okay. I guess I will just continue with our hearing.
> ALJ: You feel comfortable going forward?
> CLMT: Yeah.
> ALJ: Okay. So, I will find that you waive your right to have a representative during your hearing.

(Id. at 36-37 (as set forth in the original transcript)). There was no further mention of an attorney during the hearing.

ALJ determined that Plaintiff was no longer eligible for benefits in a decision issued on January 1, 2015 (R. at 18). He concluded that Plaintiff has four severe impairments: 1) Spina Bifida; 2) Arnold Chiari Malformation; 3) asthma; and 4) morbid obesity (Id. at 20 (citing 20

C.F.R. § 416.920(c))), but did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 20 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926)). Thus, ALJ concluded that Plaintiff has "residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a) except he can only occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds." (R. at 23). The residual functional capacity ("RFC") also accounts for Nevins' limited ability to "balance, stoop, kneel, crouch, and crawl" and his need to avoid "exposure to pulmonary irritants." (Id.).

Plaintiff, without the aid of an attorney, requested an appeal of the decision. On July 28, 2016 the Appeals Council held that were no grounds for review. (R. at 1). With the aid of an attorney, Plaintiff then appealed to this Court. (Id.). On June 5, 2017 this Court reversed and remanded the decision of ALJ on the grounds that ALJ failed to obtain a valid waiver of Nevins' right to representation at the administrative hearing. Plaintiff now moves for attorney's fees and costs from Defendant. Plaintiff seeks $6,376.75 as compensation for 32.5 billable hours at a rate of approximately $196.21 per hour. (*See* ECF No. 17-4). Defendant opposes this Motion, arguing that its position before this Court was substantially justified and thus it is precluded from paying attorney's fees under EAJA. (ECF No. 20 at 5). Alternatively, Defendant argues that even if Plaintiff's Motion is granted, the award should be reduced to reflect 18.5 hours instead of the proposed 32.5 hours. (Id. at 17).

## II.    LEGAL STANDARD

The Equal Access to Justice Act, 28 U.S.C. 2412(d) ("EAJA"), provides that a Court shall award reasonable attorney's fees to a prevailing party in any civil action against the United Sates, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

> Whether or not the position of the United States is substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the action is based) which is made in the civil action for which the fees and other expenses are sought.

(28 U.S.C. § 2412(d)(1)(B)).

The government has the burden to establish that its position was substantially justified.  *See National Resources Defense Council, Inc. v. U.S.E.P.A.*, 703 F.2d 700, 712 (3d Cir. 1983).  According to the Supreme Court, the government's position is substantially justified if it is "justified in substance or the main- that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The government's position can be justified even if it is incorrect as long as it has a "reasonable basis in law and fact."  *Pierce*, 487 U.S. 556 n.2.  As such, in order for the government to meet its burden that its position was substantially justified the government must establish "(1) reasonable basis in truth for facts alleged; (2) reasonable basis in law for the theory it compounded; and (3) a reasonable connection between facts alleged and the legal theory advanced."  *McPhaul v. Astrue*, 2011 U.S. Dist. LEXIS 17784, *5 (D.N.J. Feb. 23, 2011) (not selected for publication) (citing *Cruz v Comm'r of Soc. Sec.*, 630 F.3d 321 (3d Cir. 2010)).

## III.  ANALYSIS

The Court finds that the government was substantially justified in opposing Plaintiff's appeal, and, thus, need not pay Plaintiff's attorney's fees.  While this Court ultimately found that ALJ failed to obtain an intelligent and knowing waiver of Plaintiff's right to counsel, ALJ's efforts to obtain the waiver were not clearly erroneous.

Precedent shows that an ALJ must obtain a valid waiver of a claimant's right to counsel prior to commencing the administrative hearing.  *Vance v. Heckler*, 579 F. Supp. 318, 321 (N.D. Ill. 1984).  As this Court noted in its June 2017 Opinion, "[t]he information necessary to ensure an intelligent and knowing waiver of counsel includes an explanation of the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and the limitations on attorney's fees to 25 percent of any eventual awards." (ECF No. 15 at 4) (quoting *Vance*, 579 F. Supp. at 321).  Notably, ALJ attempted to inform Plaintiff of his rights, but fell short of Third Circuit precedent by failing to specifically address the 25% cap on attorney's fees and the possibility of free counsel.  (Id.) (citing Hr'g. at 37).  The Court also felt compelled to mention that ALJ may have confused Plaintiff about his right to an attorney when he said "[i]n your case it's a little different, because you are already entitled to benefits." (ECF No. 15 at 5) (citing R. at 37).

This, without more, might suggest that the Government's position was not substantially justified.  However, the Government relied on two cases from the Third Circuit in support of its position that written notice on its own was sufficient to inform claimants about their right to an attorney. (ECF No. 20 at 10) (citing *Phifer v. Comm'r of Soc. Sec.*, 84 F. App'x 189, 190 (3d Cir. 2003); *Boyd v. Barnhart*, 98 F. App'x 146, 147 (3d Cir. 2004)).  While the Court ultimately rejected this argument on the basis that ALJ had not ascertained that Plaintiff in fact received

written notice, the argument still shows that there were substantially justifiable grounds for the Government to oppose Plaintiff's appeal. In other words, there was a "reasonable basis in law and fact" for the Government to argue that written notice, in addition to ALJ's colloquy, was sufficient to obtain Plaintiff's waiver. *Pierce*, 487 U.S. 556 n.2

Additionally, Defendant points out that even if an ALJ fails to obtain a knowing and intelligent waiver of a claimant's right to representation, the absence of a waiver alone is not grounds for remand. (ECF No. 20 at 11). In order to remand an ALJ's decision for failure to elicit a valid waiver, the Court must find that the proceeding in question resulted in prejudice or unfairness due to Plaintiff's *pro se* status. *Phifer*, 84 F. App'x at 190-91. The Court found that prejudice was shown because, among other things, an attorney might have emphasized Plaintiff's obesity or cross-examined the vocational expert's testimony. (ECF No. 15 at 6). However, the Court agrees that it was reasonable for the Government to oppose the appeal. As the Government noted in its brief, ALJ solicited evidence from a vocational expert and worked with Plaintiff to establish his medical record prior to making a determination on his disability. (ECF No. 11). Although the Court ultimately sided with Plaintiff, the Government's position did not "clearly offend[] established legal precedent." *McPhaul*, 2011 US. Dist. LEXIS 17784 at *6.

Therefore, even though the Government's position did not prevail, the Government was "justified to a degree that could satisfy a reasonable person" in its position that ALJ's colloquy in conjunction with the written notices, was sufficient to elicit a knowing waiver of representation from Plaintiff or alternatively, that the lack of representation did not result in prejudice or unfairness at the administrative hearing. *Pierce*, 487 U.S. at 565. As such, the Court finds that the government has met its burden to establish that its position was substantially justified and thus not subject to fee shifting under EAJA.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for attorney's fees is denied.  An appropriate Order accompanies this opinion.

DATED: August 2, 2017

JOSE L. LINARES
Chief Judge, United States District Court