NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| SEAN PATRICK NEVINS, | |
|---|---|
| Plaintiff, | Civ. Action No.: 16-5765 (JLL) |
| v. | OPINION |
| COMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff's Motion for Reconsideration. (ECF No. 23). Defendant has opposed this Motion (ECF No. 24), and Plaintiff has not replied. The Court has considered the submissions made in support of and in opposition to the Motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Plaintiff's Motion is denied.

## I. BACKGROUND

The Court presumes that the parties are more than familiar with the factual context and the procedural history of this action, which have been set forth at length in previous Opinions that have been issued by this Court. (*See* ECF Nos. 15, 21). However, the Court provides a brief recitation of the procedural posture as it is relevant to the matter *sub judice*.

Plaintiff brought this Social Security Appeal on September 21, 2016 requesting that this Court reverse the administrative law judge's determination that Plaintiff was ineligible to receive social security benefits. (ECF No. 1). The Court initially dismissed Plaintiff's appeal for lack of prosecution. (ECF No. 10). Thereafter, Plaintiff's counsel sought an extension of time to file

Plaintiff's moving brief, acknowledging that the deadline had lapsed and citing to a "backlog" of work. (ECF No. 12). The Court granted Plaintiff's request and reopened the matter. (ECF No. 13).

The appeal was ripe for disposition on March 27, 2017. (ECF No. 14). On June 5, 2017, this Court entered an Opinion and Order remanding the matter to the administrative law judge for further proceedings because the Court found that the administrative law judge failed to obtain the proper waiver of counsel from Plaintiff as his hearing. (ECF Nos. 16, 17). Thereafter, Plaintiff filed a Motion seeking attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 17). The Motion was originally returnable on July 17, 2017, but Defendant sought an adjournment. (ECF No. 18). This Court granted the request and the Motion was made returnable on August 7, 2017. (ECF No. 19). Accordingly, Defendant's Opposition was due on July 24, 2017, and Plaintiff's reply, if any, became due on July 31, 2017. *See* L. Civ. R. 7.1.

On July 24, 2017, Defendant timely opposed Plaintiff's Motion arguing that, while it ultimately lost, it was substantially justified in opposing Plaintiff's appeal. (ECF No. 20). Plaintiff did not file a reply by the deadline and, on August 2, 2017, this Court issued an Opinion and Order denying Plaintiff's Motion for Attorney's Fees, finding that Defendant was substantially justified in opposing Plaintiff's Appeal. (ECF Nos. 20, 21). On August 23, 2017, Plaintiff filed a Motion for Reconsideration. (ECF No. 23). Defendant has opposed Plaintiff's Motion (ECF No. 23). The pending Motion is returnable on August 18, 2017. Under this District's Local Rules, Plaintiff had until September 11, 2017 to file a reply. *See* L. Civ. R. 7.1. To date, Plaintiff has, once again, not filed a reply.

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly*.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld*, 161 F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

## III. ANALYSIS

Plaintiff's Motion for Reconsideration fails. Preliminarily, it is untimely. Under Local Civil Rule of Procedure 7.1(i), a movant has up until seven days prior to the return date to submit a reply. In this case, Plaintiff's reply would have been due on July 31, 2017. As noted above, this Court entered its Order denying Plaintiff's request for fees under the EAJA on August 2, 2017. (ECF No. 21). Pursuant to Local Civil Rules 7.1(i), Plaintiff had 14 days to file his Motion for Reconsideration, which meant the latest possible date to file same would have been August 17, 2017. *See* L. Civ. R. 7.1(i). However, Plaintiff waited until August 23, 2017 to file said Motion for Reconsideration. Accordingly, the pending application is untimely.[1]

Also, even if this Motion was timely, which it is not, Plaintiff's substantive arguments fail. Plaintiff's main argument is this Court did not address the administrative law judge's Residual Functional Capacity determination. However, this Court concluded that Plaintiff was not provided with the requisite notice regarding his right to counsel at the hearing. Accordingly, any determination made by the administrative law judge was inherently devoid as the hearing itself was improperly conducted. Thus, the Court need not engage in further analysis of the administrative law judge's decision since doing so would be insignificant given the fact that the Court remanded the matter for further proceedings.

The question before the Court is whether reconsideration is proper in this action. The simple answer is reconsideration is improper. Plaintiff has not presented this Court with any facts that the Court overlooked. Moreover, Plaintiff cites to no new or intervening law that would

---

[1] The Court also rejects Plaintiff's tertiary argument regarding the date of when the Opinion and Order were issued denying Plaintiff's Motion for Attorney's Fees. According to Plaintiff, said Opinion and Order should be vacated because the Court issued same prior to the return date of the Motion. However, what Plaintiff fails to appreciate is the fact that Plaintiff did not file a reply by the due date of July 31, 2017. This is after the Court extended the deadlines by one cycle. Accordingly, the fact that the Court filed its Order and Opinion prior to the return date, but after when Plaintiff's reply was due, is irrelevant to the analysis herein.

4

require this Court to reconsider its prior Opinion and Order. Hence, Plaintiff's application for reconsideration is insufficient.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied. An appropriate Order accompanies this opinion.

DATED: September 18th, 2017

JOSE L. LINARES
Chief Judge, United States District Court